## JOSEPH A. HOLMES agt. PETER VAN SICKLE and JACOB VAN SICKLE.

A suit was commenced by declaration against two defendants; and before service on them, they executed a bond and warrant of attorney to plaintiff, including the amount of principal and interest of the demand claimed, and $6.50, being the amount of costs claimed by plaintiff's attorney; and the defendants were to pay the sum thus liquidated in a given time. And as the weight of testimony appeared, defendants did pay the amount within the time, and took a receipt from plaintiff's attorney, "*to apply the amount on the judgment.*" Plaintiff's attorney had, just previous to such payment, sent off a judgment record to be signed and filed; and as appeared on the part of the plaintiff, plaintiff's attorney claimed of defendants more costs in consequence of entering up judgment; and over two years afterwards, plaintiff's attorney issued a writ of *scire facias* on the judgment; and on a motion to set aside the *scire facias*, and that the plaintiff acknowledge satisfaction of the judgment, it was granted with costs, on the ground that it appeared that defendants paid all that they understood to be due, and within the time agreed upon; and it would seem that the defendants were deceived in giving a bond and warrant of attorney, instead of a *cognovit.* The warrant of attorney contained a clause that execution might issue " at any time or times, without any revival."

*Semble.* Where a warrant of attorney contains a clause that execution may issue *at any time or times without any revival*, it is unnecessary to issue a *scire facias* where execution had not been issued within *two* years from the entry of judgment.

*June Term,* 1846.

MOTION by defendants to set aside writ of *scire facias;* also that the plaintiff satisfy the judgment of record with costs.

It appeared on the part of the defendants, that in September, 1843, a suit was commenced in favor of *Holmes* agt. the *Van Sickles* (by filing a declaration), on a note of $50. dated Sept. 15, 1842; payable Sept. 1, 1843, with interest. On the 9th of Sept., 1843, Stephen Wheeler, clerk in the office of plaintiff's attorney, called to serve declaration on defendants; and they executed and gave him a bond and warrant of attorney, conditioned to pay $60. (The note being $50, interest one year $3.50, and costs which plaintiff's [*185] *attorney claimed, $6.50, making $60.) Wheeler gave the defendants a certain time (not recollected by them), to pay the $60, which should discharge the claim.

Holmes agt. Van Sickle.

On the 27th September, 1843, Jacob Van Sickle paid Wheeler $60, as he and Peter both swore, *in full of the whole demand*, and both swore that it *was within the time* given them by Wheeler to pay that amount, which should be in full. Wheeler gave a receipt for the $60, " to apply on the above mentioned judgment," dated *Sept.* 27, 1843. No judgment had *then been entered*, but on the 3d Oct., 1843, judgment was signed by the recorder of Rochester, and on the *6th Oct.*, 1843, judgment was perfected; on the *24th Feb.*, 1846, Wheeler wrote to defendants by mail, saying there was a balance due on the judgment, which they must call and pay. This letter defendants did not receive until after the service of *scire facias.* A copy of the warrant of attorney was annexed to defendants' papers, and contained a clause authorizing execution to issue " *at any time or times thereafter, without any revivaι of such judgment or otherwise.*" The affidavits of both defendants and defendants' attorney were essentially to the foregoing facts. On the part of the plaintiff it appeared, that on the 9th of Sept., 1843, when Wheeler called on one of the defendants (he could not recollect which), and informed him he had come to serve a declaration on him, the defendant expressed a very great aversion to being sued, and assured Wheeler that if he would return without serving upon defendants the declaration, he, the defendant, would call at Mr. Palmer's office the then next week and pay the demand upon which the suit was brought and all the costs. Wheeler then informed the defendant that the defendants could execute a bond and warrant of attorney, if they preferred to do so to having the declaration served upon them. Defendant then inquired the nature of the bond and warrant of attorney, and Wheeler explained it to him, and told him if the defendants chose to execute a bond and warrant of attorney, they could have the *then next week* to pay the money in; to which defendants assented, and the writings were executed. Wheeler then agreed that, if the defendants paid the $60 and interest the then next week, no judgment should be entered on the bond and warrant of attorney. Wheeler stated that the money *was not paid within the*

*time agreed upon.* Palmer, the attorney for plaintiff, made out the judgment record on the bond and warrant of attorney, and took it with him to Rochester to get it signed a day or two before the defendants called to pay the money.   When one of the defendants offered to pay the $60, Wheeler informed him that the time for defendants to pay had elapsed, and a judgment had been entered against them.   Defendant said [\*186] he was disappointed in getting \*the money; he was sorry Mr. Palmer had made them more costs, but as he had not kept the agreement on his part, he could not find any fault; he asked Wheeler how much costs there was; Wheeler told him he could not tell, as the papers had not returned from the clerk's office; defendant said he would like to pay $60 on the judgment, and the balance he would call and pay in a few days.   Wheeler took the $60, and gave defendant a receipt for it.   On the 24th of Feb., 1846, Wheeler notified defendants to pay the balance due on the judgment; and on the 31st March, 1846, he issued *scire facias* upon the judgment; soon after the *scire facias* was issued, one of the defendants called on him and said he had forgotten about it, or he should have paid it before, and inquired how much he must pay to settle the whole matter; Wheeler (who was attorney for plaintiff in the *sci. fa.* suit) informed him he must pay the balance of the judgment after deducting the $60, and pay the sheriff's fees for serving the *sci. fa.;* that defendant left for the avowed object of ascertaining the amount of sheriff's fees and paying them, and then to pay the amount due on the judgment, but did not again return.   Palmer, the attorney on the original judgment, stated that on the 23d September, 1843, he made up a judgment on the bond and warrant of attorney, and took it with him to Rochester, where he went to attend the circuit, which commenced on the 25th September; that being engaged during the first days of the circuit, did not get the record signed until the 3d of October.   The record was signed and sent off to the clerk's office, before he had any information that any money had been paid by defendants on the demand.

M. T. REYNOLDS, *defendants' counsel.*
S. B. JEWETT, *defendants' attorney.*
S. WHEELER, *plaintiff's counsel and attorney.*

JEWETT, Justice. Granted the motion, setting aside the *sci. fa.*, and that plaintiff acknowledge satisfaction of the judgment with $10 costs; on the ground that the defendants paid all that they understood to be due, and within the time agreed upon, as appeared by their affidavits; and it seemed, that they paid all which was in fact due. It also appeared that the defendants were deceived, in giving a bond and warrant of attorney, instead of a *cognovit,* not knowing that the expenses would be increased by so doing.